UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
AHMED ALI ALZOKARI,                                         :
                                                            :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                          Plaintiff,                        :
                                                            :   19-cv-488 (BMC)
              - against -                                   :
                                                            :
MICHAEL R. POMPEO, et al.,                                  :
                                                            :
                          Defendants.                       :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this action against the Department of State and various Department of State officials for claims arising from their revocation of plaintiff's passport. Defendants have moved to dismiss.[1] For the reasons below, defendants' motion to dismiss is granted.

## BACKGROUND

The following information is taken from the complaint and the administrative record. Plaintiff traveled to the United States Embassy in Yemen to obtain a consular report of birth abroad for Dawood Ahmed Ali Alzokari. Plaintiff claimed that Dawood was plaintiff's son. A consular officer suspected that Dawood was not plaintiff's son in light of their respective ages, among other reasons.

The consular officer referred the case for investigation to a special agent, who interviewed plaintiff in the presence of a fraud investigator who spoke Arabic. After the interview, plaintiff signed a statement (the "Statement") in which plaintiff admitted that Dawood

---

[1] Defendants styled their motion as a motion to dismiss or, in the alternative, for summary judgment. Although resolving this motion involves considering documents outside of the complaint, i.e. the administrative record, the Court takes judicial notice of this record, as explained below. Therefore, the Court need not, and does not, convert this motion into a motion for summary judgment.

is plaintiff's grandson, not his son, and that plaintiff has smuggled numerous individuals into the United States by claiming them as his children. Plaintiff also admitted that his real name is Ahmed Ahmed Mohamed Albaadani, even though he applied for a passport under the name Ahmed Ali Alzokari, and that he was born "on/about 1948," even though he claimed in his passport application that he was born in 1955.

Plaintiff signed and fingerprinted each page of the Statement, acknowledged that it was read to him in Arabic and that he understood it, and confirmed that the Statement was accurate. The Department of State subsequently revoked plaintiff's passport in light of the false statements of material fact he included in the passport application.

Plaintiff requested and received a hearing on the revocation of his passport. The hearing officer found that the Statement was "extremely detailed;" that plaintiff's argument that he "only used" the name "Albaadani" because it is the name of a clan related to his farm was "unconvincing;" and that plaintiff's affidavit, which he submitted in connection with the hearing, was "not credible," inconsistent, and contained "questionable" assertions that appeared to be false. The hearing officer recommended upholding the decision to revoke plaintiff's passport, and the Deputy Assistant Secretary for Passport Services followed the hearing officer's recommendation.

Plaintiff commenced a federal lawsuit seeking review of the decision to uphold the revocation of plaintiff's passport, but entered into a stipulation dismissing his claims without prejudice when the Department of State agreed to hold a new administrative hearing. At the second hearing, plaintiff claimed that he was suffering from dementia when he signed the Statement; that he was coerced into signing the Statement; and that the Arabic-speaking official at the interview acted as an interpreter but was biased. The hearing officer weighed and

evaluated the evidence, rejected all of plaintiff's arguments, and recommended that the decision to revoke plaintiff's passport be upheld.

The Deputy Assistant for Passport Services followed this recommendation and again upheld the decision to revoke plaintiff's passport. Plaintiff then commenced this action alleging violations of the Administrative Procedure Act (the "APA") and the Due Process Clause of the Fifth Amendment. Plaintiff requests his old passport, a new passport, and a declaratory judgment indicating that defendants violated his rights.

## DISCUSSION

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"In adjudicating a motion to dismiss, the Court may consider ... facts alleged in the complaint" and, among other information, "facts of which judicial notice may properly be taken … ." Abiuso v. Donahoe, 12-cv-1713, 2015 WL 3487130, at *3 (E.D.N.Y. June 3, 2015) (internal quotation marks omitted). "Agency determinations and administrative findings are public records of which a court may properly take judicial notice." Lia v. Saporito, 909 F. Supp. 2d 149, 161 (E.D.N.Y. 2012). "Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision." Nat'l Audubon Soc. v. Hoffman, 132 F.3d 7, 14 (2d Cir. 1997).

Here, the Court takes judicial notice of the administrative record that defendants have filed in this action on March 28, 2019. Since "plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). The administrative record shows that plaintiff has failed to state a claim under the APA or the Due Process Clause of the Fifth Amendment.

## I. Administrative Procedure Act

Plaintiff claims that defendants violated the APA when they revoked his passport. As an initial matter, the parties disagree about the correct standard for the Court to use in resolving the APA claims. Defendant urges the Court to apply the relevant standards for judicial review of agency decisions under the APA, but plaintiff requests that the Court instead engage in a *de novo* review of the hearing officer's decisions.

Plaintiff notes that federal appellate courts conduct a *de novo* review of mixed questions of law and fact when reviewing decisions of a district court or the Board of Immigration Appeals. See Alom v. Whitaker, 910 F.3d 708, 712 (2nd Cir. 2018); Man Ferrostaal, Inc. v. M/V Akili, 704 F.3d 77, 82 (2d Cir. 2012). Plaintiff then analogizes the posture of this case to a federal appellate court conducting such a *de novo* review. But this analogy is inapt, since a district court's review of agency decisions under the APA is constrained by the standards set forth in the APA. Even assuming plaintiff has raised mixed questions of fact and law, when reviewing administrative proceedings under the APA, a district court "will not engage in … a *de novo* review." United States v. Dist. Council of New York City, 90-cv-5722, 2015 WL 5916738, at *4 (S.D.N.Y. Oct. 7, 2015) (internal quotation mark omitted). Rather, "[t]he task of the

reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743–44 (1985).

The relevant standard under the APA authorizes a court to set aside an agency action that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law … ." 5 U.S.C. § 706(2)(A). [2] An agency decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or" issued a decision that "is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). "Plaintiffs bear the burden of showing, by citation to evidence in the administrative record, that an agency's actions are arbitrary and capricious." Miezgiel v. Holder, 33 F. Supp. 3d 184, 189 (E.D.N.Y. 2014).

"Under the arbitrary-and-capricious standard, judicial review of agency action is necessarily narrow," Islander East Pipeline Co., LLC, v. McCarthy, 525 F.3d 141, 150 (2d Cir. 2008), and the "reviewing court may not itself weigh the evidence or substitute its judgment for that of the agency." Constitution Pipeline Company, LLC v. N.Y. State Dep't of Envtl. Conservation, 868 F.3d 87, 102 (2d Cir. 2017) (internal quotation mark omitted). Rather, "[t]he reviewing court must determine whether the agency has considered the pertinent evidence, examined the relevant factors, and articulated a satisfactory explanation for its action including

---

[2] The Second Circuit has also previously indicated that "with respect to review of … mixed questions of law and fact the Supreme Court has authorized [courts to apply] the 'rational basis' test, whereby the agency's decision will be accepted where it has 'warrant in the record' and a 'reasonable basis in law.'" Hanly v. Kleindienst, 471 F.2d 823, 829 (2d Cir. 1972) (quoting N.L.R.B. v. Hearst Publications, 322 U.S. 111, 131 (1944)). Even if the Court were to apply the rational basis test that the Second Circuit articulated in Hanly – rather than the arbitrary-and-capricious standard under the APA – the result would be the same for the reasons stated below.

5

whether there is a rational connection between the facts found and the choice made." Ru Jun Zhang v. Lynch, 16-cv-4889, 2018 WL 1157756, at *6 (E.D.N.Y. March 1, 2018) (internal quotation marks omitted).[3]

The decision at issue is the Department of State's revocation of plaintiff's passport pursuant to 8 U.S.C. § 1504(a). That statute provides that "[t]he Secretary of State is authorized to cancel any United States passport or Consular Report of Birth, or certified copy thereof, if it appears that such document was illegally, fraudulently, or erroneously obtained from, or was created through illegality or fraud practiced upon, the Secretary." Under 22 C.F.R. § 51.62(a)(2), the Department of State may revoke a passport when, among other things, "[t]he passport was illegally, fraudulently or erroneously obtained from the Department; or was created through illegality or fraud practiced upon the Department ... ." Further, under 22 C.F.R. § 51.20, a "passport applicant must truthfully answer all questions and must state every material matter of fact pertaining to his or her eligibility for a passport."

The decision to revoke plaintiff's passport was neither arbitrary nor capricious. The Department of State determined that plaintiff violated 22 C.F.R. § 51.20 by lying about his name and date of birth when applying for a passport. The Department of State's decision was supported by plaintiff's Statement, in which plaintiff not only confessed to lying about his name and date of birth in his passport application but also to smuggling people into the United States by fraudulently claiming them as his children.

Plaintiff has not directly challenged the accuracy of the Statement, but offered a number of contentions at the two hearings to cast doubt upon the reliability of the Statement. Plaintiff

---

[3] The parties also dispute whether there is a heightened standard of deference where, as here, the agency's decision involves claims of fraud. However, the Court need not, and does not, decide whether there is such a heightened standard here since the Court upholds the agency's decision even without a heightened standard of deference.

claimed that Albaadani is only the name of a clan with which he is associated. But the hearing officer found this explanation unconvincing in light of the lack of supporting evidence. Plaintiff also attempted to show that the Statement was the result of coercion. Again, the hearing officer rejected this argument after assessing the credibility of affidavits from plaintiff and Department of State personnel.

Plaintiff further argued that he was suffering from dementia when he entered into the Statement, but the hearing officer examined the relevant medical documents and found this claim unconvincing. Finally, plaintiff claimed that an embassy official who translated the Statement from English into Arabic was biased, but the hearing officer noted that plaintiff provided no evidence of this official's bias – apart from his employment at the embassy – and also that plaintiff appeared sufficiently fluent in English to understand the Statement even without translation.

In sum, the hearing officer evaluated, and rejected, each of plaintiff's arguments based on a careful review of the record. Even if the Court were to accept plaintiff's request to engage in a *de novo* review of the hearing officer's recommendations, it would uphold this decision. At a minimum, this decision withstands the Court's circumscribed review under the APA.

Plaintiff presents certain arguments to the contrary in this proceeding that he did not raise in the administrative proceeding. "It is beyond cavil that a petitioner's failure to assert an argument before an administrative agency bars it from asserting that argument for the first time before a reviewing court." Ry. Labor Executives' Ass'n v. United States, 791 F.2d 994, 1000 (2d Cir. 1986). Plaintiff contends that he has not waived his arguments under the Due Process Clause, which are addressed below, but does not appear to dispute that he has waived his arguments under the APA by failing to raise them during the administrative proceedings.

Plaintiff is thus barred from raising these arguments here. But even if plaintiff could properly raise these arguments here, the Court would reject them on the merits.

Plaintiff argues that, although the hearing officer "discussed all the relevant facts" and was "quite comprehensive" in his review of the record, he failed to consider the totality of the circumstances when assessing the reliability of the Statement. "The totality of the circumstances requires courts to consider the whole picture" rather than viewing "each fact in isolation … ." D.C. v. Wesby, 138 S. Ct. 577, 588 (2018) (internal quotation marks omitted). As plaintiff notes, considering the totality of the circumstances is part of determining whether information is reliable in other contexts. See, e.g., Sira v. Morton, 380 F. 3d 57, 78 (2d Cir. 2004) ("[An] officer must consider the totality of the circumstances to determine if the hearsay information is, in fact, reliable.").

Plaintiff contends that there "[t]here is no reason that that definition and that principle [i.e., considering the totality of the circumstances in determining reliability] should change just because this is an APA case." But it is precisely because this is an APA case that standards courts use in other contexts do not necessarily apply here. As defendant observes – and plaintiff does not dispute – the language of the APA does not reference any requirement for agencies to consider the totality of the circumstances when evaluating the reliability of documents. And micromanaging administrative agencies by imposing such on a requirement on their assessment of documents' reliability is inconsistent with the "necessarily narrow" scope of "judicial review of agency action" under the the arbitrary-and-capricious standard. Islander East Pipeline Co., LLC, 525 F.3d at 150. Thus, the Court declines to hold that the APA requires administrative agencies to consider the totality of the circumstances when assessing the reliability of documents.

Nonetheless, even if the Court required the hearing officer to consider the totality of the circumstances, the Court would uphold the decision to revoke plaintiff's passport. In some cases, a party may make a modest showing as to multiple individual factors, and the cumulative effect of the evidence may be sufficient to find in that party's favor even if no one factor is dispositive. But here, the hearing officer credited little, if any, evidence on plaintiff's behalf, so no separate evaluation of the cumulative effect of the evidence would have been illuminating or necessary. There was no need for the hearing officer to explain that the whole was not greater than the sum of its parts.

When urging the Court to hold that the hearing officer violated the APA by failing to consider the totality of the circumstances, plaintiff also makes a number of arguments specific to certain forms of evidence that are beyond the scope of the Court's limited review of administrative decisions under the APA. For instance, plaintiff claims that the hearing officer was overly skeptical of plaintiff's affidavit – which plaintiff concedes was not entirely accurate – and insufficiently skeptical of the affidavit of a Department of State official. However, the hearing officer's evaluation of these affidavits was a credibility determination, and "credibility determinations are entitled to great deference unless inherently incredible or patently unreasonable." Lehoczky v. Commodity Futures Trading Comm'n, 125 F.3d 844 (2d Cir. 1997). None of the evidence in the record gives the Court reason to doubt the hearing officer's credibility determinations, let alone find them incredible or unreasonable.

Plaintiff also criticizes the hearing officer's judgment calls in weighing and interpreting evidence regarding plaintiff's fluency in English and his mental competence at the time he signed the Statement. None of these arguments are appropriate for judicial review of administrative decisions, since the "reviewing court may not itself weigh the evidence or

substitute its judgment for that of the agency." Constitution Pipeline Company, LLC, 868 F.3d at 102. Plaintiff may not evade the narrowly-circumscribed parameters of judicial review of agency decisions under the APA by framing his factual arguments as arguments about legal matters or mixed questions of fact and law.

Finally, plaintiff claims that the hearing officer failed to follow applicable regulations for visa applications in the United States Department of State Foreign Affairs Manual and Handbook. In particular, plaintiff claims that defendants violated 9 FAM 504.1-3f, which governs visa applications and provides that "[i]n cases where the consular officer's determinations are difficult to make or which are or may become the subject of controversy, the officer must make a thorough and carefully written record of the interview so that the basis for the final action can be fully documented."

Plaintiff contends that this provision applies here because plaintiff visited the embassy to obtain visas for his family, but this contention contradicts not only the record but also plaintiff's own complaint, which both confirm that he visited the embassy to obtain a consular report of birth abroad for his purported son, not a visa. Further, even if this provision applied, the record includes a thorough and carefully written report of the interview that Department of State personnel drafted.

## II. Due Process

Under 22 CFR § 51.71(h), "[t]he burden of production is on the Department, and the Department shall provide the evidence it relied upon in revoking or denying the passport" but "[t]he burden of persuasion is on the person requesting the hearing, to prove by a preponderance of the evidence that the Department improperly revoked the passport … ." Plaintiff claims that 22 CFR § 51.71(h) violates the Due Process Clause of the Fifth Amendment as applied here,

since plaintiff asserts that the Government should have had the burden of persuading the hearing officer that it was proper to revoke plaintiff's passport.[4]

The Due Process Clause of the Fifth Amendment requires that "[n]o person shall … be deprived of life, liberty, or property, without due process of law … ." "In assessing whether a particular allocation of burdens comports with the Due Process Clause, we look to the three-factor balancing test articulated in Mathews v. Eldridge." Ferrari v. Cty. of Suffolk, 845 F.3d 46, 64–65 (2d Cir. 2016), as amended (Jan. 4, 2017). When applying this balancing test, courts consider: "the private interest that will be affected by the official action"; "the Government's interest"; and "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards … ." See Mathews, 424 U.S. at 335.

The allocation of the burden of proof here complied with the Due Process Clause of the Fifth Amendment. First, plaintiff's interest in his passport was "a liberty interest protected by the Due Process Clause of the Fifth Amendment" but "not a fundamental right equivalent to the right to interstate travel." Weinstein v. Albright, 261 F.3d 127, 140 (2d Cir. 2001). Further, the decision to revoke plaintiff's passport did not affect his citizenship since – although "citizenship is among the most momentous elements of an individual's legal status" – an "administrative cancellation of a citizen's passport" affects "only the document and not the citizenship status of the person in whose name the document was issued." Ali v. Pompeo, 16-cv-3691, 2018 WL 2058152, at *8 (E.D.N.Y. May 2, 2018) (internal quotation marks omitted).

---

[4] Defendant claims that plaintiff waived his argument that the Department of State should have had the burden of persuasion by not raising it in the administrative proceeding. But if a plaintiff has "exhausted the full set of available administrative review procedures, failure to have raised his constitutional claim would not bar him from asserting it later in a district court." Mathews v. Eldridge, 424 U.S. 319, 329 n.10 (1976). Since plaintiff's claim that the Department of State's allocation of the burden of proof violates the Fifth Amendment is a constitutional claim, plaintiff has not waived this argument.

11

Second, the Government had a strong interest in preventing fraud in connection with passports. Generally, there is a "strong Governmental interest" in passports in light of their "unique function … ." In re Grand Jury Subpoena Duces Tecum (Passports) Dated June 8, 1982, 544 F. Supp. 721, 726 (S.D. Fla. 1982). A passport is not only essential to international travel but also "a marker of citizenship." Ali, 2018 WL 2058152, at *8. Further, the "likelihood of damage to national security or foreign policy of the United States" is "the single most important criterion in passport decisions." Haig v. Agee, 453 U.S. 280, 298 (1981).

Concerns about the integrity of passports are particularly acute here, where according to plaintiff's Statement, he not only lied in his passport application but also smuggled individuals into the United States by fraudulently claiming them as his children. The relevant Government interests here thus relate not only to maintaining the integrity of Governmental documentation, which plays a role in international travel and proving citizenship, but also to protecting national security, since Department of State officials could have reasonably inferred that, if plaintiff were allowed to keep his passport, he could have continued to use it to smuggle individuals who could jeopardize national security.

Third, the risk of an erroneous deprivation of plaintiff's interest in his passport is low, and shifting the burden of persuasion to the Government would have had little effect on this risk of erroneous deprivation. Plaintiff participated in two separate hearings; had the opportunity to present evidence and make arguments; was represented by counsel; and received decisions that plaintiff concedes were "comprehensive" and "discussed all the relevant facts … ." "The Constitution's due process guarantees call for no more than what has been accorded here: a statement of reasons and an opportunity for a prompt postrevocation hearing." Haig, 453 U.S. at 310.

In any event, this is not a case that turns on the burden of persuasion. The evidence so strongly favored the Department of State that it would have met a burden of persuasion by presenting the Statement and the testimony of embassy officials. Contrary to plaintiff's contention that he made a *prima facie* showing that the Statement was unreliable, plaintiff's evidence depended on documents and testimony that the hearing officer did not find credible, including an affidavit that plaintiff submitted but later admitted was not entirely accurate.

Plaintiff nonetheless suggests that he should not have had the burden of persuasion because the Government had better access to the relevant evidence. Plaintiff is correct that "[b]urden-shifting where one party has superior access to evidence on a particular issue is a common feature of our law." United States v. One Parcel of Prop. Located at 194 Quaker Farms Rd., Oxford, Conn., 85 F.3d 985, 990 (2d Cir. 1996). But here there is no reason to disturb the allocation of the burden of proof under 22 CFR § 51.71(h).

Because the Department of State had the relevant documentation, 22 CFR § 51.71(h) appropriately allocated the burden of production to the Department of State. Plaintiff insists that the Government should also have had the burden of persuasion since it was in the better position to obtain further relevant evidence. To the contrary, plaintiff was in the better position to obtain medical records and other evidence to support his claim that he had dementia, which was one of plaintiff's primary claims in support of his contention that the Statement was unreliable. Under these circumstances, defendants had no constitutional obligation to disregard 22 CFR § 51.71(h) and shift the burden of persuasion to the Department of State.

## CONCLUSION

Defendants' [10] motion to dismiss is granted and plaintiff's [11] motion for summary judgment is denied as moot. The Clerk shall enter judgment accordingly, dismissing this case.

**SO ORDERED.**

                                                                    U.S.D.J.

Dated: Brooklyn, New York
           August 12, 2019